**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 99-767-CR-UNGARO/TORRES
Case No. 00-667-CR-UNGARO/TORRES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RAMON ANDRES SANCHEZ,

      Defendant.

_____/

**REPORT AND RECOMMENDATION ON PETITION
FOR REVOCATION OF SUPERVISED RELEASE**

This matter is before the Court on the government's Petition for Revocation of

Supervised Release ("Petition").  [D.E. 71 in Case No. 99-767-CR-UNGARO/TORRES

("No. 99-767"); D.E. 24 in Case No. 00-667-CR-UNGARO/TORRES ("No. 00-667")].[1]

The government alleges that Defendant Ramon Andres Sanchez ("Defendant") violated

the following conditions of his Supervised Release:  (1) he failed to submit a truthful

and complete written monthly report in December 2012 (Violation No. 3) and (2) he

failed to notify his probation officer of a change in residence that occurred in January

_____

[1]      The Honorable Ursula Ungaro referred this matter to the undersigned
Magistrate Judge.  [D.E. 80 in No. 99-767; D.E. 33 in No. 00-667].

2013 (Violation No. 4).[2]  The government seeks revocation of Defendant's Supervised Release based on those violations.

We conducted an evidentiary hearing on this matter on July 10, 2013. Witnesses for both parties testified, and both sides presented evidence and then oral argument for our consideration.  At the conclusion of the hearing, we stated our findings of fact and conclusions of law on the record; they are incorporated herein.

In brief, although we fully credited the testimony of U.S. Probation Officer Betty Menendez-Aponte, we find nevertheless that the government failed to establish by a preponderance of the evidence that Defendant was employed.  The government thus has not demonstrated that Defendant's representations regarding his employment status in the December 2012 monthly report were false.  The government also failed to prove that Defendant changed his residence.  Consequently, it cannot establish that he failed to notify the probation officer in advance of moving, a standard condition of supervised release.

Based on the foregoing, and for all the reasons stated on the record, we find that the government has not met its burden of showing that Defendant violated any condition of Supervised Release.  Accordingly, we recommend that the Petition be Denied.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any,

---

[2]    We dismiss Violation Nos. 1 and 2 of the Petition based on the prosecutor's representation that the government was not seeking revocation based on the conduct alleged therein.

with the Honorable Ursula Ungaro, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 11th day of July, 2013.

_/s/ *Edwin G. Torres*_____
EDWIN G. TORRES
United States Magistrate Judge